The decision of the Court below was affirmed by the Supreme Court on January 7, 1878, in the following opinion :
Per Curiam.
The sixth condition of the policy sued on requires the assured to give immediate notice of his loss, and as soon as possible thereafter a particular account and proof thereof, signed and sworn to, setting forth a copy of the written part of the policy; other in-, surances if any ; the actual cash value of the property at the time of loss; the ownership and interest of the assured therein ; for what purpose used at the time of the loss; the date of the loss and the amount thereof, and how the fire originated. This condition was not complied with, and there was no evidence that it was waived by the company. It is true the notice of the loss was given to the local agent, who informed the company, and sent its adjuster to ascertain the loss. The adjuster told the assured to go before a Justice of the Peace and make proof of the loss, saying he had blanks for the purpose. They started together, and then occurred several propositions of terms and of settlement, and an attempt to fix the same, which, however were not agreed upon, Finally the adjuster parted with the assured, saying he had not time to attend to the business then, and left a proposition to pay a certain sum, which was not then accepted, and was afterwards withdrawn. Now, all this might have been a waiver of time, and *317 justified the delay in making proof of loss and complying with the requirements of the sixth condition of the policy : but clearly it was no evidence of a waiver of all its terms. When informed of the withdrawal of the last offer, the adjuster not having returned, it was the duty of the assured then to have complied with the condition. Not having done so we cannot say the Court erred in non-suiting the plaintiff.
Judgment affirmed.
Warner then brought suit on June 4th, 18 Í8. The plaintiff declared on the policy, and also specially on the agreement or offer of the adjuster of the company, to pay $600, and the acceptance, by the plaintiff, of the same within the time given him to accept it, and before the offer was withdrawn.
On the trial of this cause, the court, on motion of the defendant’s counsel, ordered a compulsory non-suit on the ground that there had been no proofs of loss ; that this suit had not been brought within a year from the loss, both of which were required by conditions in the policy, and because there was not sufficient evidence of an adjustment of the loss, and an agreement to pay $600, to leave to the jury. This non-suit the court, on motion, refused to take off. The entering of judgment of non-suit, and the refusal to take it off, are the errors complained of.
D. C. McCoy, Esq., for plaintiff argued that the noD-suit in the first case was not a bar to this; Fleming vs. Insurance Co., Brightly 102; Bournonville vs. Goodall, 10 Barr 133. A limitation or condition in a policy of insurance intended for the benefit of the company may be waived and the question of waiver is for the jury; Coursin vs. Penna. Ins. Co., 10 Wright 323; Farmers’ Ins. Co. vs. Taylor, 23 P. F. S. 342; Commonwealth Ins. Co. vs. Sennett, 5 Wr. 161; Inland Ins. Co. vs. Stauffer, 9 Casey 397; Franklin Fire Ins. Co. vs. Updegraff, 7 Wr. 350; Cochran vs. Crawford County Ins. Co., 6 W. N. C. 498.
The settlement of the existing controversy was a sufficient consideration for the offer, and if the offer was accepted, estops the company from setting up any defence they had at that time; Chamberlain vs. McClurg, 8 W. & S. 31. There was sufficient evidence of acceptance to go to the jury, for Warner complied with it. Patton vs. Hassinger, 19 P. F. S. 314.

*318
C. O. Bowman, Esq., contra.

The Supreme Court affirmed the judgment of the Court below on January 5, 1880, in the following opinion :
Pee Cueiam.
As far as regards the fact that the action had not been brought within ayear from the loss, it was clearly an unanswerable objection to any recovery upon the policy. But there was also a count in the declaration on an alleged agreement of compromise of the company to pay $600. Upon an examination of the testimony, we think there was not sufficient evidence to submit to the jury as to that. The only evidence that Poster, the adjuster, admitting that he had power to make the compromise, had authorized Sweet to settle with the plaintiff, was .Sweet’s own declaration to that effect, which was clearly insufficient. Besides, when the plaintiff accepted the proposition Sweet told him it had been withdrawn.
Judgment affirmed.